IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WILLIAM PAUL MCMULLEN, JR., | : | |
| Petitioner, | : | |
| VS. | : | 7:14-CV-151 (HL) |
| ANTOINE CALDWELL, | : | |
| Respondent. | : | |

## RECOMMENDATION

**Motion to Dismiss**

    Petitioner effectively filed his Petition under 28 U.S.C. § 2254 for writ of habeas corpus on September 25, 2014. (Doc. 1). Presently pending in this action is Respondent's Motion to Dismiss this federal habeas Petition as untimely filed. (Doc. 8). Respondent contends that Petitioner filed this federal habeas Petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *Id.*

    On July 20, 2011, Petitioner pleaded guilty to malice murder and received a life sentence. (Doc. 10-1). Plaintiff filed a motion for an out-of-time appeal on June 1, 2012. (Doc. 10-2). On January 7, 2013, the Supreme Court of Georgia affirmed the trial court's order denying his motion for an out-of-time appeal. *Id.* Petitioner executed a state habeas petition in the Superior Court of Wilcox County on September 23, 2013. (Doc. 10-3). After holding an evidentiary hearing, the superior court denied his state habeas petition on April 8, 2014. (Doc. 10-4). On September 8, 2014, the Supreme Court of Georgia denied Petitioner's application for a certificate of probable cause to appeal the denial. (Doc. 10-5).

    Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions, running

from the latest of several events. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"

Petitioner filed this habeas Petition challenging his July 20, 2011 guilty plea and sentence. Georgia law does not provide an absolute right to a direct appeal from a judgment of conviction and sentence entered on a guilty plea, but a discretionary appeal is governed by the thirty day deadline set out in O.C.G.A. § 5-6-38. Petitioner had until August 19, 2011, to file an appeal. Plaintiff's June 1, 2012 motion for an out-of-time appeal was denied, and the Georgia Supreme Court affirmed the denial of the appeal on January 7, 2013. (Doc. 10-2).

Petitioner executed his state habeas petition on September 23, 2013 (Doc. 10-3), which was more than two years after his state convictions and sentences became final. Petitioner's state habeas petition was denied on April 8, 2014 (Doc. 10-4), and the petition became final on September 8, 2014, the date on which the Supreme Court of Georgia denied Petitioner's application for a certificate of probable cause to appeal the denial. O.C.G.A. § 9-14-52(b).

The AEDPA clock had run for more than two years prior to Petitioner filing his state habeas petition. "Where a state court grants a criminal defendant the right to file an out-of-time direct appeal . . . before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2241(d)(1)(A)." *Jimenez v. Quarterman,* 555 U.S. 113, 121 (2009). The state courts did not grant Petitioner's out of time appeal. (Doc. 10-2). Therefore, Petitioner's judgment became final on August 19, 2011, thirty days after his conviction and sentence was entered on his guilty plea.

In his Response to Respondent's Motion to Dismiss, Petitioner asserts that "[a] state-created impediment had hindered and obstructed the filing of the state post-conviction exhaustion petition and thus, [a] 28 U.S.C. § 2254 petition until June 18, 2013." (Doc. 12, p. 1). Thus, Petitioner asserts he is entitled to equitable tolling. A petitioner is "entitled to equitable tolling only if he

shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (internal quotations omitted); *Hutchinson v. Fla.*, 677 F.3d 1097 (11th Cir. 2012).

Petitioner sets forth that a twenty-three month delay in the transcription of his guilty plea hearing caused petitioner to be unable to determine what to put forth in his state habeas petition. (Doc. 12, p. 2). Petitioner says he attempted to obtain the transcript from August 2011 until June 2013, and finally, with the aid of an attorney, obtained the relevant plea hearing transcript in June 2013. *Id.* "[D]elay in receiving the transcript and discovery from appellate counsel does not constitute circumstances warranting equitable tolling. Access to transcripts and other trial materials is not necessary to file a habeas petition." *Reynolds v. McLaughlin*, 2013 WL 3756473, at *2 (M.D. Ga. 2013); *See also Way v. Duffey*, 2010 WL 554236, at *2 (M.D. Ga. 2010) ("[Petitioner] was present at the trial and should have some knowledge of the issues he wished to raise. Simply put, a transcript is not needed to file a § 2254 petition.").[1]

As Petitioner did not file this federal habeas Petition until more than one year after his conviction became final and has not shown that he is entitled to equitable tolling, his federal habeas Petition is untimely. Accordingly, the undersigned recommends that Respondent's Motion to Dismiss be **GRANTED**.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The undersigned recommends that the Court deny a certificate of appealability in its final Order. If Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

---

[1] The *Reynolds* and *Way* courts cited to persuasive authority for the proposition that not having a trial transcript is not an extraordinary circumstance preventing a timely petition. *See Lloyd v. Van Natta,* 296 F.3d 630, 633–34 (7th Cir.2002); *Donovan v. Maine,* 276 F.3d 87, 93 (1st Cir.2002); *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 751 (6th Cir. 2011).

**Motion for Default Judgment and Contempt of Court**

Petitioner filed a Motion for Default Judgment and a Motion for an Order of Contempt of Court on February 5, 2015. (Doc. 11). In his Motion, Petitioner asks the Court to enter default against Respondent and hold Respondent in contempt for failing to respond to the Court's October 8, 2014 Order directing Respondent to answer within sixty days. (Docs. 3, 11). Respondent did not answer the Petition within sixty days of October 8, 2014. However, this Court issued an Order on January 8, 2015, directing Respondent to file an answer within twenty-one days. (Doc. 6). Respondent then simultaneously filed his Answer and Motion to Dismiss on January 14, 2015. (Docs. 7, 8).

Respondent filed his Answer and Motion to Dismiss within the twenty-one day time period set by the Court in its January 8, 2015 Order. Furthermore, "default judgment is not contemplated in habeas corpus cases . . . ." *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987). Accordingly, the undersigned recommends that Petitioner's Motion for Default Judgment and Contempt of Court (Doc. 11) be **DENIED**.

**Conclusion**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The district judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the district judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for

failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 18th day of March, 2015.

                                              s/ ***THOMAS Q. LANGSTAFF***
                                              **UNITED STATES MAGISTRATE JUDGE**

rmf