# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**WILLIAM PAUL McMULLEN, JR.,**

    Petitioner,

    v.

**ANTOINE CALDWELL,**

    Respondent.

**7:14-CV-151 (HL)**

28 U.S.C. § 2254

## ORDER

Before the Court is the Recommendation of the United States Magistrate Judge (Doc. 14) that Petitioner's habeas petition under 28 U.S.C. § 2254 be dismissed. Petitioner William McMullen, Jr. ("Petitioner") has filed Objections (Doc. 17) to the Recommendation. After undertaking a *de novo* review of the Recommendation, the Court accepts and adopts it in full.

Neither of Petitioner's objections to the Recommendation have any merit. First, Petitioner objects to the conclusion that his petition was filed after the statute of limitations had run, for he argues that the statute of limitations should be equitably tolled because he did not have access to the transcript of the hearing in which he pled guilty to the state charges. However, as this and many other courts have determined, lacking access to a transcript is not adequate grounds for equitably tolling the statute of limitations. See Reynolds v.

McLaughlin, Civil Action No. 7:12-CV-140 (HL), 2013 WL 3756473, at *2 (M.D. Ga. July 15, 2013) (citing cases). Second, Petitioner objects to the Magistrate Judge's *sua sponte* extension of time for Respondent to respond to the petition and move to dismiss it. This objection fails to appreciate that district courts are allowed wide discretion in setting deadlines in § 2254 cases. See Baker v. Middlebrooks, No. 5:08cv44-RS-MD, 2008 WL 938725, at *1 (N.D. Fla. April 8, 2008) (citing cases). The objections are over-ruled.

After careful consideration pursuant to 28 U.S.C. § 636(b)(1), the Court accepts and adopts the findings, conclusions, and recommendations of the United States Magistrate Judge. Petitioner's § 2254 petition is dismissed.

The Court finds that Petitioner has failed to make a substantial showing that he has been denied a constitutional right, and a certificate of appealability is therefore denied. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

**SO ORDERED,** this 30th day of April, 2015.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

scr